UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL WALLACE,

    Petitioner,

v.                                       CAUSE NO. 3:19-CV-1057 DRL-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Michael Wallace, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WVE-19-2-4) at the Wabash Valley Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of being under the influence of intoxicants in violation of Indiana Department of Correction Offense 231. Following a hearing, he was sanctioned with a loss of ninety days earned credit time and a demotion in credit class.

Mr. Wallace argues that he is entitled to habeas relief because he did not consume alcohol. He asserts that the use of an asthma inhaler caused him to test positive for alcohol consumption.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer represents that, during a cell search, Mr. Wallace appeared to be intoxicated and that he conducted an alcohol-sensing breath test, which indicated that Mr. Wallace had consumed a substantial amount of alcohol. ECF 7-4. It includes statements from other inmates who observed Mr. Wallace vomiting and informing staff that he did not feel well, though the other inmates attributed these actions to an illness unrelated to alcohol consumption. ECF 7-5; ECF 7-6. The administrative record also indicates that the hearing officer consulted a physician, who informed the hearing officer that Mr. Wallace's asthma inhaler could not cause a false positive for alcohol. ECF 7-3. Though Mr. Wallace disagrees with the hearing officer's reliance on that information, the conduct report and the consultation with a physician constitute some evidence that Mr. Wallace committed the offense of being under the influence of intoxicants. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Mr. Wallace argues that he is entitled to habeas relief because correctional staff did not allow him to present a surveillance video recording or his medical records. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* At screening, Mr. Wallace requested "camera footage to show the

2

reporting," and correctional staff denied the request because he did not specify a time or date. ECF 7-2. Mr. Wallace also requested medical records to demonstrate that his inhaler caused him to test positive for alcohol consumption, and the hearing officer responded by consulting a physician. ECF 7-3. Though correctional staff may not have obtained a formal written statement from the physician as required by departmental policy, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. Appx. 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process").

Moreover, it is unclear how the denial of these requests harmed Mr. Wallace. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (same). More specifically, he does not explain what he believes the surveillance recording would have shown, and the medical records merely indicated that a nurse practitioner told Mr. Wallace that inhalers can cause false positives under certain circumstances. ECF 25-2 at 7. The nurse practitioner did not offer an opinion on Mr. Wallace's disciplinary charge but explained that false positives may occur if an individual uses an asthma inhaler within a few minutes of the test or with older machines that cannot differentiate between types of alcohol and that "every situation is different." *Id.* Because correctional staff responded reasonably to the requests for evidence, the argument that Mr. Wallace was not allowed to present evidence is not a basis for habeas relief.

Because Mr. Wallace has not asserted a valid claim for habeas relief, the habeas petition is denied. If Mr. Wallace wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Michael Wallace leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

September 16, 2021                  *s/ Damon R. Leichty*
                                                     Judge, United States District Court